UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| Adrian Lacy, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:10-CV-156 JVB |
| ) | |
| Walsh Construction Company, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Plaintiff Adrian Lacy sued Walsh Construction Company alleging racial discrimination in employment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; and discrimination in the making and enforcement of contracts in violation of 42 U.S.C. § 1981. In his complaint he alleges that, while he was working on the Blue Chip Expansion Project, Defendant Walsh Construction Company employees hung nooses at the worksite. Defendant argues that it did not have an employer-employee relationship with Plaintiff because Plaintiff was an employee of a subcontractor to a subcontractor to Defendant.

**A. Standard of Review**

A motion for summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) further

requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A party seeking summary judgment bears the initial responsibility of informing a court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party supports its motion for summary judgment with affidavits or other materials, it thereby shifts to the non-moving party the burden of showing that an issue of material fact exists. *Keri v. Bd. of Trust. of Purdue Univ.*, 458 F.3d 620, 628 (7th Cir. 2006).

Rule 56(e) specifies that once a properly supported motion for summary judgment is made, "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts to establish that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences and resolve all doubts in favor of that party. *Keri*, 458 F.3d at 628. A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson v. Liberty Lobby*, 477 U.S. 242, 249–50 (1986).

**B. Statement of Facts**

The relevant facts assumed to be true for the purpose of ruling on Defendant's Motion for Summary Judgment are:

In September 2008, Blue Chip Casino in Michigan City, Indiana, hired Defendant Construction as the general contractor for its expansion project. Defendant subcontracted some of its duties to various firms, including Kleckner Interior Systems. Kleckner subsequently subcontracted some of its duties to Eastport Lawn Maintenance and General Contracting. Eastport employed Plaintiff Adrian Lacy, an African-American, to work on some of the jobs at the Blue Chip site.

Defendant asserts the following: Plaintiff was an employee of Eastport, not Defendant. Defendant did not hire Plaintiff to work on the expansion project and it did not have the power to terminate him. It did not enter into an employment contract with Plaintiff. It also did not promise Plaintiff employment after the project ended, nor did it provide Plaintiff with a W-2 for the time he worked on the project. Defendant did not pay Plaintiff or set his work hours; Eastport did. Defendant did not provide health insurance to Plaintiff. Finally, although Defendant required Plaintiff to attend safety orientation meetings, as was required of all subcontractors, it did not train him to perform the job.

Plaintiff counters by arguing in his brief that "[o]ur crew was supervised by a Defendant employee. . . . Defendant did control our workload, . . . provided power tools on numerous occasions, [and allowed Eastport workers to] store[] [their] hand tools in Defendant's boxes with their tools. No one in my crew had access to their box's locks. . . . Defendant's supervisors did assign our duties when we reported to them every

morning." (Lacy Resp. at 1–2.) However he does not support these statements with affidavits or other sworn statements, or any other documentation.

While working on the project, Plaintiff discovered nooses hanging at the Blue Chip Casino worksite. He also found racial slurs in the port-a-potties and in his response he asserted that Defendant's employees "expressed racial tension." (Lacy Resp. at 3).

**C. Discussion**

Before deciding this case, the Court must note that Plaintiff submits only a three page handwritten response brief. This brief does not contain legal analysis, nor does it cite to precedent cases.

The Court concludes that Plaintiff's claim cannot survive Defendant's motion for summary judgment because Plaintiff's response is too vague to create a reasonable inference that Defendant discriminated against him in violation of Title VII or § 1981.

Under Federal Rule of Civil Procedure 56, a party must oppose a motion for summary judgment by providing particular facts:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials.

Fed. R. Civ. P. 56(C)(1)(a). Additionally, "an affidavit or declaration used to . . . oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(C)(4).

Plaintiff's response brief does not provide that his assertions were based on his personal knowledge, or that Plaintiff is competent to testify to the facts contained in the

4

response.  The response also does not reference any discovery materials such as affidavits to support his assertions.  Although the Court is considerate of Plaintiff's *pro se* status, "this does not mean that the Court, in considering materials filed in opposition to a motion for summary judgment, should overlook the requirement of Federal Rule of Civil Procedure 56(e) that affidavits be made on personal knowledge and set forth facts as would be admissible in evidence."  *Lathrop v. Juneau & Assoc., Inc.*, 2005 WL 3797706, *5 (S.D. Ill. April 25, 2005) (quoting *Reed v. Richards*, 1994 WL 259662, *4 (7th Cir. 1994) (quoting *Reed v. Richards*, 1994 WL 259442, *3 (7th Cir. 1994)); *see also Jameson v. Jameson*, 176 F.2d 58, 60 (D.C. Cir. 1949) ("Affidavits filed by a party . . . in opposition to a motion for summary judgment must present evidence. The affidavits should follow 'substantially the same form as though the affiant were giving testimony in court.'").  Because Plaintiff has not provided evidence that conforms to the Federal Rules of Civil Procedure, summary judgment is proper.

However, Plaintiff's claim fails on its merits as well.

**1.  Title VII Claim**

Under § 703(a)(1) of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-2(a)(1)), it is unlawful for any employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race."  Plaintiff must be Defendant's employee to have a claim for racial discrimination against it.  *Cf. Alexander v. Rush N. Shore Med. Ctr.*, 101 F.3d 487, 492 (7th Cir. 1996) (plaintiffs do not have a Title VII cause of action if they are not defendant's employees).  According to *Knight v. United Farm Bureau Mutual Insurance*

*Co.*, a court must examine the following five factors to determine whether Plaintiff is Defendant's employee: 1) the putative employer's control and supervision of the worker; 2) the kind of occupation and nature of skill required, including whether skills are obtained in the workplace; 3) responsibility for the costs of operation, such as equipment, supplies, fees, licenses, workplace, and maintenance of operations; 4) the method and form of payment of benefits, and; 5) length of job commitment and expectations. 950 F.2d 377, 378–79 (7th Cir. 1991).

Plaintiff was not a direct employee of Defendant. Rather, Plaintiff was the employee of Eastport, which was a subcontractor to Kleckner. (Barker Aff. ¶6.) Kleckner was a subcontractor to Defendant. Plaintiff's employment relationship with Eastport instead of Defendant is enough for this Court to grant summary judgment in favor of Defendant on the Title VII claim because a plaintiff must be the defendant's employee in order to bring a Title VII claim. *Cf. Alexander*, 101 F.3d at 492 (noting that plaintiffs do not have a Title VII cause of action if they were not the defendant's employees).

Eastport contracted with Kleckner, which in turn contracted with Walsh. Plaintiff does not provide any evidence of Defendant's control over his employment activities. *Cf. Worth v. Tyer*, 276 F.3d 249, 261 (7th Cir. 2001) (An employer-employee relationship "is likely to exist" if the defendant controls "not only the result to be achieved, but also the details by which that result is achieved.); *Knight v. United Farm Bureau Mut. Ins. Co.*, 950 F.2d 377, 378–79 (7th Cir. 1991) (A company's degree of control is the most important factor in evaluating the employer-employee relationship.).

Plaintiff's response does not explain the specific nature of Defendant's supervision or control. Instead, the response merely states the following: "Our crew was supervised by a Walsh employee. . . . Walsh did control our workload, . . . provided power tools on numerous occasions, [and allowed Eastport workers to] store[] [their] handtools [sic] in Walsh's boxes with their tools. No one in my crew had access to their box's locks. . . . Walsh supervisors did assign our duties when we reported to them every morning." (Lacy Resp. at 1–2.) Plaintiff also points to one week when Defendant told the contractors what hours to work. (*Id.* at 2.). However, this evidence is not sufficient to defeat a motion for summary judgment because it does not establish the existence of an employer-employee relationship. Although the Court must draw all reasonable inferences in Plaintiff's favor, in light of the undisputed evidence provided by Defendant, these statements are to vague to create a genuine issue of material fact as to whether an employer-employee relationship existed. *Cf. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (requiring plaintiffs to offer specific facts showing a genuine issue of material fact when opposing a motion for summary judgment).

Plaintiff also cannot establish other economic factors to show that Defendant was his employer such as the method of payment and benefits, and the authority to terminate Plaintiff. Plaintiff was not on Defendant's payroll; instead, Eastport paid Plaintiff. *Cf. GKN Co. v. Magness*, 744 N.E.2d 397, 405 (Ind. 2001) (explaining that when a general contractor pays a subcontractor and the subcontractor pays the plaintiff, this weighs against an employer-employee relationship between the plaintiff and the general contractor). Defendant did not provide Plaintiff with a W-2, health insurance, job

training, or promises of employment. Defendant also did not have authority to terminate Plaintiff's employment with Eastport. *Cf. Knight*, 950 F.2d at 378 (explaining that a court must look at these factors when evaluating a possible employer-employee relationship). These facts, which Plaintiff did not dispute in his response brief, show that Plaintiff was not Defendant's employee. Plaintiff's § 1981 claim fares no better.

**2. Section 1981 Claim**

Section 1981 prohibits discrimination on the basis of race in making and enforcing contracts. 42 U.S.C § 1981(a). The statute "includes making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship" in the definition of "making and enforcing" a contract. 42 U.S.C § 1981(b). Section 1981 covers employment contracts. *Gonzalez v. Ingersoll Milling Mach. Co.*, 133 F.3d 1025, 1034 (7th Cir. 1998). To establish a prima facie case of discrimination under § 1981, a plaintiff must show "that 1) he is a member of a racial minority; 2) the defendants had the intent to discriminate on the basis of race; and 3) the discrimination concerned the making or enforcing of a contract." *Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 756 (7th Cir. 2006).

The existence of a contract on which to base a § 1981 claim is critical to the claim's success. *Stone v. AFGE*, 135 F. Supp. 2d 873, 875 (N.D. Ill. 2001) (citing *Gonzalez*, 133 F.3d at 1034). However, the contract does not need to be between the plaintiff and defendant. Rather, a plaintiff can bring a § 1981 suit against a third party that interferes with his or her contract. *See Shaikh v. City of Chi.*, 341 F.3d 627, 630 (7th Cir. 2003) ("[The plaintiff] is correct in noting that a third party's interference with an

individual's equal opportunity to enter into contracts . . . can support civil-rights claims under § 1981."); *Daniels v. Pipefitters' Ass'n Local Union No. 597*, 955 F.2d 906, 915 (7th Cir. 1991) (allowing a plaintiff to sue his union even though the union and plaintiff did not have an employment contract because the union was "not an unrelated third party" to the plaintiff's employment contract).

Regardless, Plaintiff's racial discrimination claim fails because he cannot show that Defendant knew of the discrimination or intended to discriminate against him. Plaintiff does not allege that Defendant failed to correct known discriminatory acts. Instead, Plaintiff alleges that workers found nooses on the job site, found racial slurs in port-a-potties, and experienced "racial tension on different occasions." (Lacy Resp. at 3.) These statements are too vauge to create a genuine issue of material fact as to whether Defendant intentionally discriminated against Plaintiff by interfering with his contract with Eastport. *Cf. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (requiring plaintiffs to offer specific facts showing a genuine issue of material fact when opposing a motion for summary judgment).

**D. Conclusion**

For the foregoing reasons, Defendant's motion for summary judgment on the Title VII and § 1981 claims are granted.

SO ORDERED on January 19, 2012.

                                                    S/ Joseph S. Van Bokkelen
                                                    JOSEPH S. VAN BOKKELEN
                                                    UNITED STATES DISTRICT JUDGE